WATSON v. HERMAN.

[79 South. 92, Division B.]

1. SALES. *Conditional sales. Default. Resale. Agency.*
   Where the purchaser of an automobile, while still indebted to the seller for a part of the purchase money, and for storage and supplies, left the car with the seller to be sold at an agreed price, in such case the seller became his agent and could not, during the pendency of such acquire a hostile title, contrary to the interest of his principal without first dissolving said agency by notice to his principal.

2. SALES. *Conditional sales. Default. Resale. Innocent purchaser.*
   Where a defendant bought an automobile with knowledge that it was being sold for accumulated charges and balance of purchase money, he was charged with such notice as to rights of the original purchaser as reasonable diligence would have disclosed to him by proper inquiry.

3. SALES. *Default in payment. Value. Sheriff's appraisal.*
   While the valuation by the sheriff of property levied upon by him is *prima-facie* correct, it may be overcome by evidence.

APPEAL from the chancery court of Harrison county.
HON. JAS. H. NEVILLE, Judge.

Suit by Hilton Herman against Douglass Watson. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Rushing & Guice,* for appellant.

We submit that the court below erred in not directing a verdict for appellant, as requested. The evidence introduced on behalf of appellant shows that he had possession of the automobile under a conditional sales contract, that the conditions of the same had been broken, in that default had been made in the payment of the purchase price; that he voluntarily delivered the car to the Chinn Auto Company for which Roy Chinn was manager.

The contract under which this machine was purchased appears on pages 40, 41, 42, and 43, of the record and contains the following clause: "It is mutually understood and agreed that the title to said chattels does not pass to said vendee, but remains in said vendor until the entire purchase price and interest, or any judgment obtained therefor, is fully paid," and in another clause: "It is further mutually agreed that in case said vendee shall fail to keep and perform each and every, the covenants, stipulations and agreements herein contained on his part to be performed, and to pay all sums hereunder agreed to be paid by him at the time and in the manner herein specified, said vendor may take immediate possession of said personal property and all rights of said vendee hereunder and in said personal property shall cease and terminate thereupon absolutely, and said vendee does hereby waive any right of action of any kind whatsoever, either *ex contractu* or *ex delicto* against said vendor, growing out of said removal or arising by reason of such repossession and retention of said personal property or otherwise, and hereby consents that thereupon all unpaid installments of said purchase price and the several notes representing the same shall forthwith become due and payable."

Quoting from 1 Mechem on Sales, page 485: "Nature of the interest retained by the vendor.—It is the distinguishing characteristic of these conditional contracts to sell which are now under consideration, that the seller retains the title until the price is paid. Although the vendee acquires an interest in the goods even before payment is due, which increases, in the case of installment contracts, as successive payments are made upon the price, and although this interest under the decisions or statutes of several states, is rapidly augmenting in character, it is still clear, unless all distinctions are to be lost sight of, that the legal title remains in the seller.

This legal title would draw after it the right of possession also, unless the seller has parted with that right during the time being, as stated in a following section. (Vol. 1, page 487, Mechem, Sales.)

According to the undisputed testimony, appellee had violated the covenants of his contract and by its terms, Chinn had the right to take possession of the auto, with or without legal process. Mechem on sales, pp. 626-627, 513, 514, 515.

What interest did appellee have at that time? He had no legal title; and no right to possession. If the contract is valid and we submit that the courts have uniformly held them so, could appellee have successfully defended an action of replevin brought by the holder of the legal title? We submit that he could not have defended, successfully, an action of replevin and such being the case, how can the same facts sustain a judgment for the appellee. *May v. Rockett,* 25 Miss. 233; 1 Mechem on Sales, sec. 630; Mechem on Agency, sec. 362.

"Secret or private instructions to an agent, however binding they may be as between the principal and his agent, can have no effect on a third person who deals with agent in ignorance of the instructions and in reliance on the apparent authority with which the principal has clothed him. As to third persons, such secret instructions are no restrictions upon the apparent authority of a general agent for persons dealing with an agent; are, in the absence of special proof to the contrary, presumed to know only his general authority." 31 Cyc. 1327.

"Appearance of title by conduct.—General Estoppel.—And finally, without going further into details, it may be said that whenever and however the true owner of goods, by his own conduct, his words, his acts, his failure to act, has reasonably led another person to appear to be the owner of his goods or author-

ized to dispose of them. He will not be permitted to deny such ownership or authority to the prejudice of a third person who, in good faith and with reasonable prudence, has parted with value upon the strength of such appearances." Mechem on Sales, section 170; Citing *Freeman* v. *Cooke,* 2 Exch. 654; *Picard* v. *Sears,* 6 Adol. & El. 469; 33 Eng. Com. L, 257; *Gregg* v. *Wells,* 10 Adol. & El. 90; 37 Eng. Com. L. 71; *Knight* v. *Wiffin,* L. R. S. Q. B. 660; *Leavitt* v. *Fairbanks,* 92 Me. 521; 43 Atl. R. 115; *Pary* v. *Lowenburg,* 41 So. 65.

We are unwilling to extend the rights of the owner who turns over property, with reservation of title, but giving the just *disponendi,* beyond the present limits allowed by the authorities. This court has held in *Columbus Buggy Co.* v. *Turley,* 73 Miss. on page 527, 19 So. on page 233, L. R. A. 620, 55 Am. St. Rep. 550, under like circumstances, that a creditor, taking from the holder one of the articles in payment of a debt to him, got a good title. In the case before us, Lowenburt & Co. were not mere naked trustees, but interested in that they were creditors and were to get their share of the proceeds in payment *pro tanto* of the debt due them. So we think the title passed from Harvey to them in the case now in hand. *Columbus Buggy Co.* v. *Turley,* 73 Miss. 537, 19 So. 233.

If the person intrusted with the possession of the goods and with the indicia of ownership or of authority to sell or otherwise dispose of them in violation of his duty to the owner sells to an innocent purchaser, the sale will prevail against the right of the owner.

To the same effect the following cases will be found: *Wilder* v. *Wilson,* 16 Lea 548; *Manufacturing Co.* v. *Carmah,* 109 Ind. 31, 9 N. E. 707; *Ludden* v. *Hazen,* 31 Barb. 650; *Fitzgerald* v. *Fuller,* 19 Hun, 180; *Colde*

v. *Mann,* 62 N. Y. 1; *Armington* v. *Houston,* 38 Vt. 448; *Rogers* v. *Whitehouse,* 71 Me. 222; *Burbank* v. *Crooker,* 7 Gray, 158; *Haskins* v. *Warren,* 115 Mass. 514; *Mc-Mahon* v. *Sloan,* 12 Pa. St. 229. The only case seen by us in direct conflict with the view which we adopt as the second one is that of *Lewis* v. *McCabe,* 49 Conn. 41, but that opinion seems to have rested largely upon the idea that the contract in that litigation was made upon and induced by the spirit and drift of the former Connecticut decisions in similar, though not identical cases.

We submit that should your honors hold that there was a question of agency involved, then and in that event, there can be no doubt of appellant's contention that he is a *bona-fide* purchaser for value. The cases of *Parry* v. *Lowenburg,* 41 So. 65, and *Buggy Co.* v. *Turley,* 73 Miss. 537, 19 So. 233, were both actions of replevin. In both cases the judgment was for defendant.

In conclusion, we submit that the record of the trial discloses many errors, some of which would entitle the appellant to a new trial only, but that by the terms of contract introduced in evidence, the execution of which was admitted by appellee and his default acknowledged, and the uncontradicted testimony that appellant is a *bona-fide* purchaser for value entitled the appellant to a final judgment, reversing and dismissing the case in this court.

*J. L. Taylor,* for appellee.

Now counsel takes the position that Chinn was the agent of Herman to sell the car and that Watson bought it in good faith and without any notice of any claim of any one. Now this is inconsistent because if Chinn was the agent of Herman then Herman had the right of possession as against Chinn, and of course if

Chinn had no authority to sell the car for two hundred and fifty-three dollars, and the jury by their verdict said that he did not, then Watson had no right to restrain it. But the act of Chinn was unauthorized and wrongfully and it is elementary that when one deals with an agent, he must ascertain the extent of the agent's authority. 12 S. & M. 398; *McLemore* v. *Hawkins,* 46 Miss. 715; *Everman* v. *Herndon,* 71 Miss. 223, and many more cases. Furthermore plaintiff did not ratify the sale and offered to refund the two hundred and fifty-three dollars and take the car.

After careful examination of the numerous cases cited by counsel about the buggies and other articles, I fail to see that they have any bearing on the case at bar whatever.

The jury heard all the testimony. Watson did not testify, and received the instructions and returned a verdict which we submit ought not to be disturbed and that the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

H. J. Herman, the appellee in this case, on the 17th day of January, 1916, bought an auto from the Chinn Auto Company, property involved in this suit, for the sum of six hundred and ninety-eight dollars, of which two hundred and fifty dollars was paid in cash, and certain promissory notes executed by the vendee payable monthly, of fifty each, during the life of the contract. The title to the auto sold was reserved by the vendor until the purchase price was paid. On the same day of the sale this contract was assigned by Chinn Auto Company, by Roy Chinn, manager, to the Demack Motorcar Company, and on the 25th day of January, 1916, the Demack Motorcar Company assigned and transferred the contract to the Guaranty Securities Company, of Toledo, Ohio, and on the 22d

day of September, 1916, the Guaranty Securities Company assigned the contract to Roy Chinn, of Biloxi, Miss.

The appellee, Herman, testified that he left the car with the Chinn Auto Company to go to New Orleans, La., and from there was called to Virginia, and that he owed some little money on the machine at that time, and, in order that they would not be bothered about the amount that he owed upon it, left it with the Chinn Auto Company for sale, at and for the sum of four hundred dollars, claiming that he owed only one hundred and seventeen dollars, balance due and for storage on car; that Chinn afterwards sold the car without his consent for two hundred and fifty-three dollars to the appellant, Watson; that Chinn never notified him of the sale or of the amount thereof; and that when he returned he found Watson in possession of the car, and that he demanded possession of the car, when Watson told him that he had bought it for two hundred and fifty-three dollars; and that he offered to pay Watson the said amount if he would turn the car over to him, the appellee, and let him and Chinn fight the matter out, which Watson refused to do.

Mr. Chinn testified for the appellant, and testified that he had authority to sell the car, but was not limited by any price, and claimed that he sold the car for the amount then due upon it. It appears from Mr. Chinn's testimony that Watson had notice of the fact that he was selling the car for balance due upon it, and that Mr. Chinn guaranteed Watson against any claims. The cause was submitted to a jury, and the jury found for appellee, and assessed the value of the car at four hundred dollars. An alternative judgment for the delivery of the car or in default thereof for four hundred dollars was entered upon the verdict.

Chinn made no effort to condemn the car, for the purchase money thereof, or to sell the same by any proceeding in court, but sold the car direct to Watson. It is insisted by the appellant that he was a purchaser for value without notice, and should be protected in his purchase of the car; that Chinn had both the title and possession of the car at the time he bought. He also insists that there is not sufficient evidence that the car was worth four hundred dollars, but that the car was valued by the officer at two hundred and fifty-three dollars and that this valuation is conclusive in this case. It is also insisted that the court erred in refusing the following instruction requested by the appellant, to wit:

"The court instructs the jury for the defendant that if the jury believe from the evidence that the defendant Watson bought the automobile from Roy Chinn without notice of any equities claimed by the plaintiff the defendant took good title to the said automobile, and the jury will find for defendant."

We do not think that these contentions are sustainable under the facts of this case. When the car was turned over by Herman to the Chinn Auto Company for sale at and for the sum of four hundred dollars, Chinn became the agent of Herman for the purposes of sale, and could not, without dissolving said agency by notice to Herman, exercise adverse powers to the said agency. He was not in a position to acquire title to the contract and act under such contract contrary to the interests of Herman so long as said relation existed. Watson, having bought the car from Chinn with notice that it was sold for a balance due upon purchase money, was charged with such notice that reasonable diligence would have brought to him by proper inquiry all the facts with reference to the rights of Herman. Under the evidence in the case Watson was not a purchaser for

value without notice, and it is unnecessary now to decide whether Watson would be charged with notice of the extent of Chinn's powers as sales agent of Herman.

The jury resolved all conflicts in the testimony in favor of Herman by its verdict, and there was ample evidence from which the jury could find the value of the car at four hundred dollars. A sheriff's valuation is *prima-facie* correct, that is, it prevails in absence of other evidence of value, but there is testimony warranting the jury in believing the car was worth at least four hundred dollars.

The judgment of the court below is accordingly affirmed.

*Affirmed.*